**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**METROPOLITAN LIFE INSURANCE COMPANY,**

                              **Interpleader-Plaintiff,**

           v.                                      1:04-CV-1278
                                                          (FJS/DRH)

**ALFRED TOTTEN, EDGAR TOTTEN, ELIJAH JONES,**
**RICHARD JONES, PATRICIA PULLER, and ELSIE**
**SMITH,**[1]

                              **Interpleader-Defendants.**

---

**APPEARANCES**                                **OF COUNSEL**

**METROPOLITAN LIFE INSURANCE**     **ALVIN PASTERNAK, ESQ.**
**COMPANY**
One MetLife Plaza
27-01 Queens Plaza North
Long Island City, New York 11101
Attorneys for Interpleader-Plaintiff

**EDGAR TOTTEN**
Albany, New York 12203
Interpleader-Defendant *pro se*

**ELIJAH JONES**
Albany, New York 12205
Interpleader-Defendant *pro se*

**ELSIE SMITH**
Philadelphia, Pennsylvania 19151
Interpleader-Defendant *pro se*

---

[1] Interpleader-Defendants Edgar Totten, Elijah Jones, and Elsie Smith have appeared in this action. *See* Dkt. Nos. 5, 16, 26.

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Interpleader-Plaintiff brings this interpleader action alleging that Interpleader-Defendants Elijah Jones and Elsie Smith are adverse claimants to the proceeds of a life insurance policy and an annuity and that Interpleader-Defendants Alfred Totten, Edgar Totten, Richard Jones, and Patricia Puller are potential claimants to those proceeds. Interpleader-Plaintiff asserts that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335. It seeks an order (1) restraining each of the Interpleader-Defendants from initiating any action against it in state or federal court for recovery of the proceeds; (2) requiring Interpleader-Defendants to answer its complaint and litigate their claims among themselves; (3) permitting it to deposit with the Court the total benefits at issue, $16,354.25; and (4) awarding it costs and attorney's fees.

Currently before the Court are (1) Interpleader-Defendant Elsie Smith's motion to dismiss this action on several bases,[2] (2) her motion to dismiss Interpleader-Plaintiff's motion for discharge, and (3) Interpleader-Plaintiff's motion for discharge from this action.

### II. BACKGROUND[3]

On July 8, 1987, Geneva Totten ("Insured") purchased a life insurance policy ("Policy")

---

[2] Although she does not clearly articulate this request in her notice of motion, Ms. Smith also seeks, in the alternative, additional time in which to raise a counterclaim against Interpleader-Defendant Elijah Jones for his alleged unlawful taking of several assets from their mother's estate.

[3] Given the procedural posture of this case, the Court assumes the truth of the allegations in Plaintiff's complaint.

from Interpleader-Plaintiff that named Interpleader-Defendants Alfred Totten and Patricia Puller, her son and daughter respectively, as beneficiaries, and Interpleader-Defendant Elijah Jones, her son, as contingent beneficiary. On June 10, 1994, Insured signed a change of beneficiary form for the Policy that named Alfred Totten, Sr., her husband, and Interpleader-Defendant Elijah Jones as beneficiaries and Interpleader-Defendants Alfred Totten and Elsie Smith, her daughter, as contingent beneficiaries. On July 1, 1997, Insured signed a change of beneficiary form for the Policy that named Interpleader-Defendants Elijah Jones and Edgar Totten as beneficiaries. On January 25, 2004, Insured signed a change of beneficiary form for the Policy that named Interpleader-Defendants Elsie Smith and Edgar Totten as beneficiaries. On January 28, 2004, Insured signed a change of beneficiary form for the Policy that named Interpleader-Defendant Elsie Smith as beneficiary and Interpleader-Defendant Edgar Totten as contingent beneficiary.

On November 2, 1994, Insured purchased an annuity ("Annuity") from Interpleader-Plaintiff that named Interpleader-Defendants Elijah Jones and Alfred Totten as beneficiaries. On January 9, 1995, Insured signed a change of beneficiary form for the Annuity that named all Interpleader-Defendants as beneficiaries. On January 24, 2004, Insured signed a change of beneficiary form for the Annuity that named Interpleader-Defendant Elsie Smith as the beneficiary.

Insured died on February 21, 2004.

Interpleader-Defendant Elsie Smith filed with Interpleader-Plaintiff separate claims for the Policy and Annuity proceeds, both claims dated February 26, 2004. Interpleader-Defendant Elijah Jones filed with Interpleader-Plaintiff a single claim, dated March 1, 2004, for the Policy and Annuity proceeds.

## III. DISCUSSION

**A.   Interpleader-Defendant Elsie Smith's motion to dismiss**

*1. Subject-matter jurisdiction*

Interpleader-Defendant Elsie Smith's contention that, if Interpleader-Plaintiff should bring this action at all, it should do so in New York State court, appears to be a challenge to this Court's subject-matter jurisdiction.   Section 1335(a) of Title 28 of the United States Code provides, in pertinent part, that

> [t]he district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any . . . firm . . . having issued a . . . policy of insurance . . . of value or amount of $500 or more, or providing for the . . . payment . . . of money . . . of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
>   (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money . . . , or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money . . . or has paid the amount of . . . or other value of such instrument or the amount due under such obligation into the registry of the court . . . .

28 U.S.C. § 1335(a).  Interpleader-Plaintiff has deposited the interpleader funds in the amount of $19,773.36.  *See* Dkt. No. 18 at 2 at ¶¶ 4-5.  Interpleader-Defendant Elsie Smith appears to be a citizen of the State of Pennsylvania, *see* Dkt. No. 5 at 13, and is a claimant of the proceeds of the Policy and the Annuity, *see* Dkt. No. 1 at Pt. 2 at 2, 4-6.  Interpleader-Defendant Elijah Jones appears to be a citizen of the State of New York, *see* Dkt. No. 16 at 10, and is a claimant of the proceeds of the Policy and the Annuity, *see* Dkt. No. 1 at Pt. 2 at 8.  Therefore, the record before the Court indicates that it has original jurisdiction over this action pursuant to 28 U.S.C.

§ 1335(a). Accordingly, the Court denies Interpleader-Defendant Elsie Smith's motion to dismiss for lack of subject-matter jurisdiction.

### 2. *Service of process*

The Federal Rules of Civil Procedure provide that,

> [u]nless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, . . . , may be effected in any judicial district of the United States:
>
> **(1)** pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> **(2)** by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). It appears that Interpleader-Defendant Elsie Smith lives in the Eastern District of Pennsylvania, *see* Dkt. No. 5 at 13, and that Interpleader-Plaintiff attempted to serve her in Pennsylvania, *see* Dkt. No. 6 at 2. Therefore, Interpleader-Plaintiff's service of process was proper if it satisfied Pennsylvania law or Rule 4(e)(2) of the Federal Rules of Civil Procedure. The applicable Pennsylvania law provides, in pertinent part, that

> [o]riginal process may be served
>
> > (1) by handing a copy to the defendant; or
> > (2) by handing a copy
> >    (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
> >    (ii) at the residence of the defendant to the clerk or manager of the

>> hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or
>> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa. R. Civ. P. 402(a).

Interpleader-Defendant Elsie Smith asserts in her affidavit that Interpleader-Plaintiff did not properly serve her with the summons and complaint in this action but instead left them on her doorstep, partially under the outside door. *See* 5 at 13 at ¶ 36. Interpleader-Plaintiff has submitted a return of service for the summons and complaint that indicates that the server completed service on March 4, 2005, by serving Interpleader-Defendant Elsie Smith. *See* Dkt. No. 6 at 2. However, the return also indicates that the server executed the return on February 9, 2005. *See id.*

If Interpleader-Defendant Elsie Smith's affidavit assertion is true, Interpleader-Plaintiff failed to serve her with process properly. "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999) (citing *Three Crown Ltd. Partnership v. Caxton Corp.*, 817 F. Supp. 1033 (S.D.N.Y. 1993); *Lee v. Carlson*, 645 F. Supp. 1430, 1432 (S.D.N.Y. 1986)). Since Interpleader-Plaintiff has failed to submit any evidence to controvert Interpleader-Defendant Elsie Smith's affidavit assertion, the Court deems Interpleader-Plaintiff to have admitted her assertion. *See Anderson v. John Royle & Sons*, 784 F. Supp. 955, 959 (N.D.N.Y. 1992) (citing Wright and Miller, Federal Practice and Procedure: Civil 2d § 1353 (West 1990)).

However, even if Interpleader-Plaintiff's service of process was insufficient, "'[t]he

courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant,' . . . . , even though service will ordinarily be quashed and the action preserved where 'there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly,' . . . ." *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985) (citations and internal quotations omitted).

Accordingly, since Interpleader-Plaintiff has failed to prove that it properly served Interpleader-Defendant Elsie Smith with process, the Court quashes Interpleader-Plaintiff's service of her. However, since it appears that Interpleader-Plaintiff will ultimately be able to serve her properly, the Court maintains this action and gives Interpleader-Plaintiff until September 30, 2005, to effect proper service of her.

### 3. Personal jurisdiction

It is unclear whether Interpleader-Defendant Elsie Smith's contention that the Court does not have jurisdiction over her goes beyond her argument that Interpleader-Plaintiff failed properly to serve her with process. The Federal Rules of Civil Procedure provide that "[s]ervice of a summons . . . is effective to establish jurisdiction over the person of a defendant . . . **(C)** who is subject to the federal interpleader jurisdiction under 28 U.S.C. § 1335 . . . ." Fed. R. Civ. P. 4(k). Since she is a claimant to the interpleader funds against which her brother asserts an adverse claim, she is subject to jurisdiction under the federal interpleader statute. Therefore, if Interpleader-Plaintiff properly serves her with process, this Court will have personal jurisdiction over her. Accordingly, the Court denies her motion to dismiss for lack of personal jurisdiction.

### *4. Joinder of parties*

Interpleader-Defendant Elsie Smith contends that the Court should dismiss this action because Interpleader-Plaintiff named as Interpleader-Defendants persons who have never asserted claims against the interpleader funds. Her contention lacks legal merit. First, the interpleader statute requires that there be "[t]wo or more adverse claimants, . . . , [who] are claiming or *may claim* to be entitled [to the interpleader funds] . . . ." 28 U.S.C. § 1335 (emphasis added). Therefore, so long as the claimants are adverse, it is not necessary that they have asserted their claims. Second, the Federal Rules of Civil Procedure provide that

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .

Fed. R. Civ. P. 19(a).

Interpleader-Defendant Elijah Jones asserts that Interpleader-Defendant Elsie Smith forged and fraudulently submitted the beneficiary change forms. In addition to the changes to the Policy's beneficiaries that the January 25 and 28, 2004 change of beneficiary forms purported to make, prior to the purported January 24, 2004 change of beneficiary form, all Interpleader-Defendants were named as beneficiaries of the Annuity. Therefore, if Interpleader-Defendant Elijah Jones proves his assertion of fraud, some or all of the Interpleader-Defendants may be entitled to proceeds from the Policy and/or the Annuity. The potential interest in the interpleader funds that the Interpleader-Defendants have makes them adverse claimants for

purposes of 28 U.S.C. § 1335 and persons who must be joined pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. Accordingly, the Court denies Interpleader-Defendant Elsie Smith's motion to dismiss for improper joinder of parties.

### 5. Merits of Interpleader-Plaintiff's action

Interpleader-Defendant Elsie Smith argues that Interpleader-Plaintiff has filed a cause of action that it cannot prove. Her argument is without legal merit. Insofar as she is arguing that the Court should grant her judgment with respect to the interpleader fund, she has not followed the procedure for moving for summary judgment. *See* Fed. R. Civ. P. 56; L.R. 7.1(a)(3). Insofar as she is arguing that Interpleader-Plaintiff is not entitled to be discharged from liability, the proper avenue to assert this claim is in opposition to its motion for discharge.

### 6. Filing of a counterclaim

Interpleader-Defendant Elsie Smith requests time to file a counterclaim against Interpleader-Defendant Elijah Jones. However, the Court notes that any cause of action that she has against another Interpleader-Defendant would properly be a cross-claim rather than a counterclaim. *See* Fed. R. Civ. P. 13(a), (b), (g). Regardless, the Court notes that she may file any counterclaims and/or cross-claims that Rule 13 of the Federal Rules of Civil Procedure permits.

**B.    Interpleader-Plaintiff's motion for discharge and Interpleader-Defendant Elsie Smith's motion to "dismiss" same**

As the Court noted above, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, all Interpleader-Defendants, including Interpleader-Defendant Elsie Smith, are parties who must

be joined in this action. Since Interpleader-Plaintiff has not shown that it properly served Interpleader-Defendant Elsie Smith with service of process, it has not shown that it has joined her to the action. Joinder of all necessary parties is a logical prerequisite to the discharge of the stakeholder. Accordingly, the Court denies Interpleader-Plaintiff's motion for discharge as premature and denies Interpleader-Defendant's motion to "dismiss" Interpleader-Plaintiff's motion for discharge as moot.

## IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Interpleader-Plaintiff's service of Interpleader-Defendant Elsie Smith is **QUASHED**; and the Court further

**ORDERS** that Interpleader-Plaintiff has until **September 30, 2005**, to effect proper service of Interpleader-Defendant Elsie Smith;[4] and the Court further

**ORDERS** that, if Interpleader-Plaintiff is able to effect proper service of Interpleader-Defendant Elsie Smith by **September 30, 2005**, it shall so notify the Court and the opposing parties or their counsel in writing within **seven (7) days** of the date that it effects service; and the Court further

**ORDERS** that, if Interpleader-Plaintiff is unable to effect proper service of Interpleader-Defendant Elsie Smith by **September 30, 2005**, it shall so notify the Court and the opposing

---

[4] The Court notes that, if Interpleader-Plaintiff effects proper service upon Interpleader-Defendant Elsie Smith and then seeks discharge, it may be entitled to recover its reasonable attorney's fees and costs from the interpleader fund. Among the costs that it may seek to recover are those that it incurs in effecting service.

parties or their counsel in writing by **October 7, 2005**, and state its reasons, if any, for its failure to effect proper service;[5,6] and the Court further

**ORDERS** that Interpleader-Defendant Elsie Smith's motion to dismiss this action is **DENIED**; and the Court further

**ORDERS** that Interpleader-Plaintiff's motion for discharge is **DENIED** without prejudice; and the Court further

**ORDERS** that Interpleader-Defendant Elsie Smith's motion to "dismiss" Interpleader-Plaintiff's motion for discharge is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: August 22, 2005
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge

---

[5] If Interpleader-Plaintiff is unable to effect proper service of Interpleader-Defendant Elsie Smith by September 30, 2005, the Court will consider Interpleader-Plaintiff's stated reasons for its failure to do so, if any, and determine whether to dismiss this action or to grant Interpleader-Plaintiff additional time to effect service.

[6] The Court notes that, if it dismisses this action, and Interpleader-Defendant Elsie Smith files suit against Interpleader-Plaintiff for the recovery of the Policy and Annuity proceeds, Interpleader-Plaintiff would then be able to assert an interpleader counterclaim regardless of whether it could effect personal service upon Interpleader-Defendant Elsie Smith. *See* Fed. R. Civ. P. 5(b)(2)(B), 22(1).