UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

METROPOLITAN LIFE INSURANCE COMPANY,

                      **Interpleader-Plaintiff**

                v.                              1:04-CV-1278
                                                    (FJS/DRH)

ALFRED TOTTEN, EDGAR TOTTEN, ELIJAH
JONES, RICHARD JONES, PATRICIA PULLER,
and ELSIE SMITH,

                      **Interpleader-Defendants.**
_____

APPEARANCES                                      OF COUNSEL

**METROPOLITAN LIFE INSURANCE**      **ALVIN PASTERNAK, ESQ.**
**COMPANY**
One MetLife Plaza
27-01 Queens Plaza North, Area 7A
Long Island City, New York 11101
Attorneys for Interpleader-Plaintiff

**ELSIE SMITH**
Landsdowne, Pennsylvania 19050
Interpleader-Defendant *pro se*

**SCULLIN, Senior Judge**

## ORDER

      By Memorandum-Decision and Order, dated February 12, 2007, this Court ordered

Interpleader-Plaintiff to show cause why the Court should not sanction it for failing to comply

with deadlines in the Court's August 22, 2005 Memorandum-Decision and Order. *See* Dkt. No.

51 at 11.

      On February 14, 2007, the Court received the Affirmation of Alvin Pasternak,

Interpleader-Plaintiff's Associate General Counsel, stating that Interpleader-Plaintiff

inadvertently failed to comply with the Court's deadlines due to law office failures arising from personnel changes. *See* Affirmation of Alvin Pasternak, sworn to February 14, 2007 ("Pasternak Aff."), at ¶ 3. However, inadvertence or negligence does not establish good cause for failing to comply with the Court's deadlines.[1] Therefore, under its inherent power to sanction litigants, the Court sanctions Interpleader-Plaintiff in an amount equivalent to the costs of service it incurred after November 9, 2004, which the Court previously ordered Interpleader-Defendant Elsie Smith to pay to Interpleader-Plaintiff pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

Accordingly, having carefully considered Interpleader-Plaintiff's submission, the Court hereby,

**ORDERS** that Interpleader-Plaintiff is sanctioned in an amount equivalent to the costs of service it incurred after November 9, 2004; and the Court further

**ORDERS** that, based upon its agreement to waive its award of costs, Interpleader-Plaintiff is relieved from filing with the Court proof of the costs of service it incurred subsequent to November 4, 2004; and the Court further

**ORDERS** that neither Interpleader-Plaintiff nor Interpleader-Defendant Elsie Smith shall be required to remit any payment.

**IT IS SO ORDERED.**

---

[1] The Court notes that Interpleader-Plaintiff apologized, offered to appear in person to apologize further, and proposed to waive its award of costs from Interpleader-Defendant Elsie Smith. *See* Pasternak Aff. at ¶¶ 4-5.

Dated: February 21, 2007
      Syracuse, New York

                                              Frederick J. Scullin, Jr.
                                              Senior United States District Court Judge